UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER P. AMSDEN. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | |
| v. ) | Case No. 2:19-CV-00020-SPM |
| ) | |
| DEAN MINOR, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the undersigned on the petition of Missouri state prisoner Christopher P. Amsden ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 4). For the following reasons, the petition will be denied.

**I.   FACTUAL BACKGROUND**

On November 24, 2015, Petitioner pleaded guilty to the offense of stealing property whose value was $25,000, a class B felony under Mo. Rev. Stat. § 570.030 (2014). Resp't Ex. B at 17, 21. On March 8, 2016, Petitioner was sentenced to ten years in prison. *Id.* at 23. Petitioner did not file a direct appeal. Pet. at 2.

On August 23, 2016, in *State v. Bazell*, the Missouri Supreme Court held that the language of section 570.030 did not permit the offense of stealing to be enhanced to a felony:

> Under section 570.030.1, a person commits the crime of stealing when she appropriates the property or services of another with the purpose to deprive the owner thereof. Section 570.030.3 provides for the enhancement to a class C felony of "any offense in which the value of property or services is an element" if certain conditions are met. The definition of stealing in section 570.030.1 is clear and

1

> unambiguous, and it does not include the value of the property or services appropriated as an element of the offense. As a result, enhancement pursuant to section 570.030.3 does not apply to Defendant's stealing convictions for the theft of the firearms. These offenses must, therefore, be classified as misdemeanors.

*State v. Bazell*, 497 S.W.3d 263, 265 (Mo. 2016), *as modified* (Sept. 20, 2016) (footnote omitted).

Petitioner timely filed a motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 24.035, alleging that the judge misled him or lied to him, that his lawyer lied to him, and that his lawyer would not do anything he asked her to. Resp't Ex. B at 25-29. The court appointed counsel. *Id.* at 31-33. On December 20, 2016, through counsel, Petitioner filed an amended motion for post-conviction relief, arguing that *Bazell* applied retroactively to Petitioner's case and that therefore, the motion court should correct Petitioner's judgment and sentence to reflect that he had actually been convicted of a class A misdemeanor, which carries a maximum sentence of one year. *Id.* at 37-42. On July 13, 2017, the circuit court granted Petitioner's motion, finding that *Bazell* applied retroactively to Petitioner's sentence. *Id.* at 43-46. The State moved for reconsideration of the judgment, arguing that *Bazell* should not be given retrospective application, *id.* at 47-76, and the circuit court entered a docket entry on July 25, 2017, stating that "the previous judgment of the Court shall not be final until the disposition of the State's motion." *Id.* at 13.

On October 5, 2017, the Missouri Supreme Court held that *Bazell* did not apply retroactively, stating that "the *Bazell* holding only applies forward, except those cases pending on direct appeal." *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500, 503 (Mo. 2017). On October 20, 2017, the motion court denied Petitioner's amended motion for post-conviction relief, following *Windeknecht*. Resp't Ex. B at 91-92.[1]

---

[1] As Petitioner points out, the October 20, 2017 order appears to contain significant errors. Although Petitioner's name appears in the caption, the facts set forth in the body of the order do not correspond to the facts of Petitioner's case. The order describes an individual who pleaded guilty to the class C Felony of Stealing and received a sentence of seven years, whereas Petitioner

2

On November 3, 2017, Petitioner filed a motion to enforce the motion court's July 13th judgment and set aside the October 20 judgment, arguing that the July 25 docket entry did not reopen the July 13th judgment, and thus the October 20th judgment fell outside the 90-day window in which the circuit court could amend its judgment under Mo. Sup. Ct. R. 81.05. Resp't Ex. B at 93-99. The motion was denied. *Id.* at 14. Petitioner appealed the denial of his motion for post-conviction relief, asserting two claims: (1) that the motion court erred in entering the October 20th judgment and failing to enforce its July 13th judgment granting post-conviction relief; and (2) that the motion court erred in denying his amended post-conviction relief, because under *Bazell*, his sentence should have been reduced to the maximum possible punishment for misdemeanor. Resp't Ex. C.

On December 21, 2018, the Missouri Court of Appeals entered an order denying both claims. Resp't Ex. E. With regard to the first claim, it found that under Missouri law, the motion court's July 25th docket entry vacated the July 13th judgment, making the October 20th order the "one and only final determination" of Petitioner's motion for post-conviction relief. Resp't Ex. E, at 3-7. With regard to the second claim, the Missouri Court of Appeals found that under *Harris v. State*, --- S.W.3d ----, 2018 WL 5276460, at *2 (Mo. Ct. App. Oct. 24, 2018), *Bazell* did not apply retroactively in this post-conviction case. Resp't Ex. E, at 7-8.

Petitioner filed the instant petition on March 11, 2019. (Doc. 1). The petition has been fully briefed.

---

pleaded guilty to the class B Felony of Stealing and received a sentence of ten years. Additionally, the case number in the caption is "16BT-CV0901" instead of "16BT-CV1901."

## II.  LEGAL STANDARDS

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a). Federal habeas review exists "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 316 (2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254). A federal court may not grant habeas relief to a state prisoner with respect to any claim that was adjudicated on the merits in the state court proceedings unless the state court's adjudication of a claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established Supreme Court precedents "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Williams v. Taylor*, 529 U.S. 362, 406 (2000); *see also Brown v. Payton*, 544 U.S. 133, 141 (2005). A state court decision involves an "unreasonable application" of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."

*Williams*, 529 U.S. at 407-08; *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004) (citations and internal quotation marks omitted).

### III. DISCUSSION

In the instant *pro se* petition, Petitioner asserts three claims. In his reply, he appears to be asserting a fourth claim. The Court will consider each claim in turn.

#### A. Ground One

In Ground One, Petitioner claims that the motion court violated Missouri Supreme Court Rules 75.01, Rule 78.06, Rule 81.05(a)(2)(A), and his rights to due process under the Fourteenth Amendment to the United States Constitution, by entering its judgment denying post-conviction relief more than 90 days after entering its judgment granting post-conviction relief. Pet. at 5, 22. This claim was denied on the merits in state court.

This claim is not cognizable for purposes of habeas review for two reasons. First, it is not cognizable because it is based on an alleged error in post-conviction proceedings. "Because the Constitution does not guarantee the existence of state post-conviction proceedings, see *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987), 'an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas [application].'" *Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) (quoting *Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir. 1990)).

Second, it is not cognizable because it is based entirely on an error of state law. Although Petitioner claims that the motion court's entry of judgment denying post-conviction relief violated

5

the Fourteenth Amendment, that claim is predicated on the allegation that the order violated various Missouri Supreme Court Rules. The Missouri Court of Appeals rejected this argument, and it is not the role of this Court to second-guess the state court's determination about a question of Missouri law. *See Arnold v. Dormire*, 675 F.3d 1082, 1086 (8th Cir. 2012) ("We do not second-guess the decision of a Missouri state court on Missouri law."); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions."). Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

For all of the above reasons, Petitioner is not entitled to relief on Ground One.

### B. Ground Two

In Ground Two, Petitioner claims that the motion court erred in denying his motion for post-conviction relief, thereby violating his due process rights, because Petitioner's ten-year sentence exceeded the maximum sentence authorized by law under the Missouri Supreme Court's holding in *Bazell*. (Pet. at 6, 23). Essentially, Petitioner argues that the motion court violated his due process rights by declining to apply the holding of *Bazell* retroactively. This claim was denied on the merits in state court.

As with Ground One, to the extent that Petitioner is alleging only that an error in Petitioner's post-conviction proceedings, or that the Missouri Court of Appeals erred as a matter of Missouri law in finding that *Bazell* did not apply to his case, Ground Two is not cognizable in this federal habeas proceeding. To the extent that Petitioner's claim in Ground Two is that, in light of the *Bazell*, his ten-year felony sentence violates his federal due process rights, this claim also fails. Although the Missouri Supreme Court interpreted Mo. Rev. Stat. § 570.030 in *Bazell* in a

6

way that would have been helpful to Petitioner had *Bazell* applied to his case, the Missouri Supreme Court has also held that "the *Bazell* holding only applies forward, except those cases pending on direct appeal." *State ex rel. Windeknecht v. Mesmer*, 530 S.W.3d 500, 503 (Mo. 2017). Petitioner did not file a direct appeal; thus, under Missouri law, *Bazell* does not apply to his sentence. This non-retroactivity also does not violate Petitioner's due process rights. In *Wainwright v. Stone*, relied on by the Missouri Supreme Court in *Windeknecht*, the Supreme Court held that a state was not "constitutionally compelled to . . . make retroactive its new construction of [a state] statute." 414 U.S. 21, 23-24 (1973). The Court further stated, "'A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward.'" *Id.* (quoting *Great Northern R. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364 (1932)).

The Court notes that other judges in this district confronted with similar claims based on the non-retroactivity of *Bazell* have denied relief. *See Williams v. McBee*, No. 4:18 CV 1084 MTS, 2021 WL 4318260, at *5 (E.D. Mo. Sept. 23, 2021) (rejecting a habeas petitioner's claim that in light of *Bazell*, the petitioner's sentence violated the Fourteenth Amendment); *Burkhalter v. Norman*, No. 4:18-CV-00317-SNLJ, 2020 WL 3103965, at *4 (E.D. Mo. June 11, 2020) (rejecting a habeas petitioner's claim that *Bazell* should apply retroactively).

For all of the above reasons, Petitioner is not entitled to relief on Ground Two.

### C.  Ground Three

In Ground Three, Petitioner alleges that an Order Overruling Motion for Resentencing he received from the motion court was "completely wrong except [his] name," that "the rest has nothing to do with Me and or my case," and that "[e]ven the case number is wrong." Pet. at 8;

Attachment, Doc. 1-1, at 1-3. It does not appear that he raised this claim in state court; he states in his Petition that his attorney refused to raise the issue and "said it did not matter." Pet. at 9.

As discussed above, the October 20, 2017 order denying Petitioner's motion for post-conviction relief does contain errors, including what appears to be a typographical error in the case number and a factual description that appears to belong to a different case. However, claims based on these errors are not cognizable in this proceeding. Federal habeas review applies only to violations "of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner does not explain how the errors in the October 20th order constituted, or resulted in, any violation of the Constitution or laws or treaties of the United States. Even if those errors had affected Petitioner's post-conviction proceedings, errors in such proceedings are not cognizable in federal habeas proceedings.

For all of the above reasons, Petitioner is not entitled to relief on Ground Three.

### D. Additional Claim in Reply

In Petitioner's reply, although it is not entirely clear, it appears that he may be attempting to assert a new claim: ineffective assistance of plea counsel in advising him to plead guilty to a felony stealing offense where, as subsequently recognized in *Bazell*, the plain language of the relevant statute did not provide for a felony stealing offense. To the extent that Petitioner is asserting such a claim, the Court will deny it as not properly raised. "The purpose of a reply is not to raise new claims. This Court and other district courts in the Eighth Circuit have repeatedly held that claims raised for the first time in a § 2254 habeas reply brief will not be considered." *Smith v. Buckner*, No. 1:18-CV-220 RLW, 2021 WL 876906, at *9-*10 (E.D. Mo. Mar. 9, 2021) (citing *Clark v. Blair*, No. 4:19-CV-907 SRW, 2021 WL 22580, at *4 (E.D. Mo. Jan. 4, 2021); *Verive v. Redington*, 4:15-CV-01676-SNLJ-NCC, 2019 WL 3416741, at *9 (E.D. Mo. Feb. 15, 2019),

8

*report and recommendation adopted sub nom. Verive v. Reddington*, 2019 WL 3412599 (E.D. Mo. July 29, 2019); *Beedle v. Cassady*, No. 4:14–cv–02126–ERW–NCC, 2018 WL 1054825, at *4 (E.D. Mo. Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 1046887 (E.D. Mo. Feb. 26, 2018); *Castillo-Alvarez v. Smith*, Civ. No. 14–542 (JRT/JSM), 2015 WL 6445479, at *22-*23 (D. Minn. Oct. 23, 2015); *Ruth v. Missouri*, No. 11–3487–CV–S–RED–P, 2012 WL 2194152, at *9 (W.D. Mo. June 14, 2012); *Scott v. Fondren*, Civ. No. 09–762 (RHK/JJG)2009 WL 3855926, at *3 (D. Minn. Nov. 17, 2009)). *See also Liscomb v. Boyce*, 954 F.3d 1151, 1154 (8th Cir. 2020) (stating as a general proposition, that "[c]laims not raised in an opening brief are deemed waived.") (quoting *Jenkens v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008)).

Even if the Court were to consider this claim, the claim would be denied as both procedurally defaulted and meritless. The claim has been procedurally defaulted, because it was not raised in Petitioner's amended motion for post-conviction relief. *See Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006).[2] Moreover, the claim is meritless. To show ineffective assistance

---

[2] Petitioner suggests that his claim is not procedurally defaulted because he presented it in his *pro se* motion for post-conviction relief. This argument fails for two reasons. First, a review of the *pro se* motion shows that Petitioner did not assert this claim; instead, he asserted only that his trial counsel lied to him and did not do what he asked her to do. Second, even assuming that he had asserted the claim in his *pro se* motion, the failure to include it in the amended motion constituted a procedural default. *See Interiano*, 471 F.3d at 856-57 (claims included in *pro se* motion for post-conviction relief, but not included in amended motion by appointed counsel or in an appeal from denial of that motion, are procedurally defaulted); *Wills v. State*, 321 S.W.3d 375, 386-87 (Mo. Ct. App. 2010) (under Missouri law, claims included in a *pro se* motion for post-conviction relief but not in a subsequent amended motion were "not properly before the motion court because they were a nullity").

Petitioner also argues that any procedural default is excused under *Martinez v. Ryan*, in which the Supreme Court held that "[i]neffective assistance of counsel at initial-review collateral proceedings may establish cause for a petitioner's procedural default of a claim of ineffective assistance at trial." 566 U.S. 1, 9 (2012). That argument fails for the same reason that the Court finds the claim meritless: it is clear that this claim of ineffectiveness is without merit, so plea counsel was not ineffective for choosing not to raise it and to focus instead on claims more likely to succeed.

of counsel, a petitioner must show both that "[his] counsel's performance was deficient" and that "the deficient performance prejudiced [his] defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential," and Petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To show prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

At the time of Petitioner's plea, *Bazell* had not been decided, and the Missouri Court of Appeals had held that Mo. Rev. Stat. 570.030 *did* provide for a felony enhancement to a stealing offense. *See State v. Passley*, 389 S.W.3d 180, 184 (Mo. Ct. App. 2012) ("[T]he clear and plain words used in section 570.030.3 show the legislative intent to treat the property types increasing the punishment for stealing from a class A misdemeanor to a class C felony as elements of a greater offense where the value of the appropriated property is put in issue."), *abrogated by State v. Bazell*, 497 S.W.3d 263 (Mo. 2016). It was not unreasonable, and did not constitute deficient performance under *Strickland*, for Petitioner's plea counsel to advise Petitioner based on the existing state of Missouri law, even if the Missouri Supreme Court later changed that law.

For all of the above reasons, Petitioner is not entitled to relief on the claim raised in his reply.

### IV. CONCLUSION

For all of the above reasons, Petitioner is not entitled to federal habeas relief. Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the judge must find that the Petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000). The Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Christopher P. Amsden's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of December, 2021.